DIANNE EDGE PRIEST AND JEFFERY BRUCE PRIEST, PLAINTIFFS v. SAFETY-KLEEN SYSTEMS, INC., DEFENDANT

No. COA07-1201

(Filed 15 July 2008)

**1. Costs— filing fees—service fees—mediation fees—discretionary costs**

Although the trial court did not err in a negligence case arising out of an automobile accident by denying statutory costs for filing fees since they are not an enumerated cost under N.C.G.S. § 7A-305(d), it did err by denying plaintiffs' motion for costs totaling $822.50 as to the service fees under N.C.G.S. § 7A-305(d)(6) and mediation fees under N.C.G.S. § 7A-305(d)(7) because these costs must be awarded to the prevailing party. In addition, there was no evidence that the trial court abused its discretion by denying plaintiffs' motion for discretionary costs allowed under N.C.G.S. § 6-20.

**2. Costs— witness fees—offer of judgment**

The trial court did not err in a negligence case arising out of an automobile accident by allegedly failing to make sufficient findings of fact regarding the offer of judgment and witness fees because: (1) the error complained of in regard to the offer of judgment is not apparent to the Court of Appeals, and thus lacks merit; (2) the trial court did not abuse its discretion by failing to award uniform witness fees and travel expenses under N.C.G.S. § 7A-314(a) when plaintiffs did not ask for the fees in their motion, they did not argue that they were entitled to those fees in

their brief, nor was there evidence that plaintiffs certified the uniform fees to the clerk of superior court as required by N.C.G.S. § 7A-314(a); and (3) additional fees for expert witnesses as allowed by N.C.G.S. § 7A-314(d) were purely within the trial court's discretion, and there was no evidence the trial court abused that discretion.

Appeal by plaintiffs from order entered 3 May 2007 by Judge William C. Gore, Jr., in Bladen County Superior Court. Heard in the Court of Appeals 19 March 2008.

*Brian E. Clemmons and Robert E. Whitley for plaintiffs.*

*Tatum Atkinson & Lively, PLLC, by Donald F. Lively, for defendant.*

ELMORE, Judge.

Diane Edge Priest and Jeffery Bruce Priest (plaintiffs) filed a negligence claim against Safety-Kleen Systems, Inc. (defendant) on 17 May 2005 following a motor vehicle accident. Defendant made an offer of judgment on 26 October 2006. Defendant offered "a total sum of ($500,001.00), which includes all damages, interest, if any, and costs now accrued as of and including the date of this offer of judgment." Plaintiffs rejected defendant's offer of judgment and on 6 November 2006, the matter went before a jury. The jury found that plaintiff Diane Edge Priest was entitled to recover $500,000.00 for her personal injuries and plaintiff Jeffery Priest was entitled to recover $2,500.00 for loss of consortium. Judge William C. Gore, Jr., entered judgment on 6 December 2006 and ordered that the costs be taxed "as may be agreed to by the parties or as may be hereafter determined by the Court."

Plaintiffs moved for $93,455.96 in costs on 5 January 2007. The court held a hearing on 8 January 2007 and entered its order denying plaintiffs' motion for costs on 3 May 2007. The court ordered each party to bear its own costs. The court made the following findings of fact "[a]s a basis for the exercise of its discretion":

1. Defendant admitted liability and the only issue submitted to the jury was the amount of damages.

2. Defendant made an Offer of Judgment to plaintiff Dianne Priest in the amount of $500,001.00 ten days prior to trial and plaintiff did not accept the offer.

3. Plaintiffs' counsel argued to the jury that they should award $4 million to plaintiffs.

4. The jury found that Plaintiff Dianne Priest's damages were $500,000.00 and that Plaintiff Jeffery Bruce Priest's damages were $2,500.00[.]

Plaintiffs now appeal the trial court's 3 May 2007 order.

Plaintiffs argue that the trial court erred by denying their motion for costs because the court "made no distinction between statutorily required costs, and those over which the trail [sic] court has discretion. It simply denied the Plaintiffs all costs." Plaintiffs correctly argue that the trial court was required to award certain statutorily required costs. However, plaintiffs incorrectly argue that the trial court's failure to segregate the statutorily required costs from the discretionary costs demonstrates that the trial court failed to exercise its discretion. We review a trial court's denial of a motion for costs for an abuse of discretion. *Carter-Hubbard Pub'lg Co. v. WRMC Hosp. Operating Corp.*, 178 N.C. App. 621, 629, 633 S.E.2d 682, 687 (2006).

[1] We first address plaintiffs' statutory costs. N.C. Gen. Stat. § 6-1 states, "To the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter." N.C. Gen. Stat. § 6-1 (2005). In this case, judgment was entered in favor of plaintiffs. We apply the following three-step analysis when determining whether a trial court properly denied a motion for costs:[1]

> First, we must determine whether the cost sought is one enumerated in N.C. Gen. Stat. § 7A-305(d); if so, the trial court *is required to assess the item as costs*. Second, where the cost is not an item listed under N.C. Gen. Stat. § 7A-305(d), we must determine if it is a "common law cost" under the rationale of *Charlotte Area*. Third, if the cost sought to be recovered is a "common law cost," we must determine whether the trial court

---

1. We note that the legislature amended N.C. Gen. Stat. §§ 6-20 and 7A-305(d), effective 1 August 2007, in such a manner that this three-step analysis will likely be defunct. *See* N.C. Gen. Stat. § 6-20 (2007) ("In actions where allowance of costs is not otherwise provided by the General Statutes, costs may be allowed in the discretion of the court. Costs awarded by the court are subject to the limitations on assessable or recoverable costs set forth in G.S. 7A-305(d), unless specifically provided for otherwise in the General Statutes."); N.C. Gen. Stat. § 7A-305(d) (2007) ("The expenses set forth in this subsection are complete and exclusive and constitute a limit on the trial court's discretion to tax costs pursuant to G.S. 6-20."). However, plaintiffs brought their motion for recovery of costs on 5 January 2007, under the old version of the statutes. Accordingly, we apply *Miller's* three-step analysis.

abused its discretion in awarding or denying the cost under N.C. Gen. Stat. § 6-20.

*Miller v. Forsyth Mem'l Hosp., Inc.*, 173 N.C. App. 385, 391, 618 S.E.2d 838, 843 (2005) (citations and quotations omitted) (emphasis added).

N.C. Gen. Stat. § 7A-305(d) states, in relevant part:

(d) The following expenses, when incurred, are also assessable or recoverable, as the case may be:

(1) Witness fees, as provided by law.

* * *

(6) Fees for personal service and civil process and other sheriff's fees, as provided by law. . . .

(7) Fees of guardians ad litem, referees, receivers, commissioners, surveyors, arbitrators, appraisers, and other similar court appointees, as provided by law. . . .

N.C. Gen. Stat. § 7A-305(d) (2005).

Plaintiffs argue that they are entitled to recover, at a minimum, $907.50 in costs. These costs include a filing fee with the Bladen County Clerk ($85.00), service fees paid to the Cumberland and Wake County Sheriffs ($15.00 each), and a mediation fee ($792.50). Filing fees are not an enumerated cost under section 305(d). *See Oakes v. Wooten*, 173 N.C. App. 506, 520, 620 S.E.2d 39, 48 (2005) ("[T]he trial court erred in awarding numerous costs not authorized by N.C. Gen. Stat. 7A-305 for . . . filing fees, travel costs, trial exhibits, color copies, and photocopies."). Service fees, however, are included in section 305(d)(6). Mediation fees are included in section (305)(d)(7). *Miller* at 392, 618 S.E.2d at 843 ("Mediation fees are recoverable under N.C. Gen. Stat. § 7A-305(d)(7), thus the trial court was required to tax this cost against plaintiffs."). Accordingly, the trial court erred by denying plaintiffs' motion for costs as to the service fees and mediation fee, totaling $822.50.

Plaintiffs make a blanket statement in their brief that the remaining costs were within the trial court's discretion, but do not cite any case law supporting their position. We assume *arguendo* that plaintiffs' remaining costs were within the trial court's discretion[2] and

---

2. "We are aware, as recognized in *Dep't. of Transp. v. Charlotte Area Mfd. Housing Inc.*, that there has been a lack of uniformity in this Court's cases addressing whether certain costs can or should be taxed against a party." *Vaden v. Dombrowski*,

move on to determining whether the trial court abused its discretion by denying plaintiffs' motion for those costs.

"An abuse of discretion is a decision manifestly unsupported by reason or one so arbitrary that it could not have been the result of a reasoned decision." *Vaden v. Dombrowski*, 187 N.C. App. 433, 437, 653 S.E.2d 543, 545-46 (2007) (quoting *Briley v. Farabow*, 348 N.C. 537, 547, 501 S.E.2d 649, 656 (1998)). Here, Judge Gore conducted a hearing on 8 January 2007 during which attorneys argued their positions. Defense counsel argued that plaintiffs could have avoided most of their costs as well as most of defendant's costs, but instead took a risk by refusing to engage in "reasonable" or "meaningful settlement discussions," and sticking to their original $4 million demand. He continued,

> [M]y client didn't get a chance to avoid the expenses; they did. And their decision to go for broke was a conscious decision on their part to take that risk. And in essence if the Court exercises its discretion to allow them to recover costs, then you are bailing them out from the risk that they decided to take.

> And my argument is you have a perfectly good, reasonable basis, based on the statutes, to say in my discretion I'm not going to award costs.

Plaintiffs' counsel then walked the trial court through all of the requested costs. After hearing both sides' arguments, the court said, "All right, counsel, I would like to take this under advisement. Can I have a stipulation that the Court may consider and rule on it out of county and out of session?" The attorneys agreed and three months later, Judge Gore issued his order.

It appears from the hearing transcript that defense counsel was under the impression that the trial court could deny costs listed in N.C. Gen. Stat. § 7A-305(d) in its discretion. Defense counsel stated, "Statutory costs, I don't think there's any discussion necessary, other than to simply say that if the Court in its discretion decides to award costs, we would not argue these costs that's [sic] listed—that we would acknowledge they are statutorily authorized." The court replied simply, "All right."

---

187 N.C. App. 433, 437, 653 S.E.2d 543, 546 (2007). Plaintiffs' argument relies on the trial judge's alleged lack of discretion in denying all costs, rather than on the taxability of each of the non-statutory costs. For that reason, we bypass evaluating each of the non-statutory costs for taxability.

This Court has held that costs enumerated in N.C. Gen. Stat. § 7A-305(d) are discretionary, not mandatory. *See, e.g., Smith v. Cregan,* 178 N.C. App. 519, 525, 632 S.E.2d 206, 210 (2006) ("The plain language of section 7A-305(d) makes the items it sets forth 'assessable or recoverable.' Accordingly, nothing in section 7A-305 requires a trial court to exercise its discretion under section 6-20 to award the items listed in section 7A-305(d)."). Although *Smith's* statutory analysis leading to this conclusion is sound, the greater weight of authority from this Court is that costs enumerated in N.C. Gen. Stat. § 7A-305(d) *must* be awarded to the prevailing party. In addition to *Miller* cited above, see *Morgan v. Steiner,* 173 N.C. App. 577, 581, 619 S.E.2d 516, 619 (2005) ("First, if the costs are items provided as costs under N.C. Gen. Stat. § 7A-305, then the trial court is *required* to assess these items as costs.") (quoting *Lord v. Customized Consulting Specialty, Inc.,* 164 N.C. App. 730, 734, 596 S.E.2d 891, 895 (2004)) (emphasis added); *Sara Lee Corp. v. Carter,* 129 N.C. App. 464, 474 500 S.E.2d 732, 738 (1998) ("Section 7A-305, contained within Article 28, specifically enumerates the costs *to be assessed* in civil actions. N.C.G.S. § 7A-305 (1995).") (emphasis added), *rev'd on other grounds,* 351 N.C. 27, 519 S.E.2d 308 (1999).

It appears that the trial court thought that it had an abundance of discretion, rather than none, and that it exercised that discretion over both mandatory and discretionary costs. Even though we reverse and remand the trial court's order regarding the costs enumerated by N.C. Gen. Stat. § 7A-305(d) to remain consistent with the greater weight of authority on this confusing topic, we acknowledge that the trial court had reasonable grounds to deny costs enumerated by section 7A-305 given our holding in *Smith.* Despite plaintiffs' protests to the contrary, we find no evidence that the trial court abused its discretion by denying plaintiffs' motion for costs as the motion pertained to discretionary costs allowed under N.C. Gen. Stat. § 6-20.

**[2]** Plaintiffs next argue that the trial court failed to make sufficient findings of fact regarding the offer of judgment and witness fees. Plaintiffs state:

> [I]n considering the Offer of Judgment, the trail [sic] court misstates the applicability of the offer of Judgment. It appears that the trail [sic] court was persuaded by the relationship between the verdict amount to Plaintiff Diane Priest ($500,000.00) and the amount of the Offer of Judgment ($500,001.00). The correct application, however, involves the amount of the Offer of Judgment

and the verdict amounts for both Plaintiffs. Based upon the record, however, it appears that this mistake played a role in the decision of the trial court. This mistake alone justifies remanding the case for reconsideration of all costs that are discretionary.

Plaintiffs cite no authority for their conclusions,[3] nor do they cite to any place in the record that might shed light on how "this mistake played a role in the decision of the trial court." The error complained of is not apparent to this Court, and, being without further direction, we find that this argument lacks merit.

Defendant's argument that the trial court erred by failing to make findings of fact as to witness fees is also fruitless. N.C. Gen. Stat. § 305(d)(1) states that a court may award "[w]itness fees, as provided by law." N.C. Gen. Stat. § 305(d)(1) (2005). "This refers to the provisions of N.C. Gen. Stat. § 7A-314 which provides for witness fees where the witness is under subpoena. The trial judge only has the authority to award witness fees where the witness was under subpoena." *Vaden* at 440, 653 S.E.2d at 547 (quoting *Miller* at 392, 618 S.E.2d at 843). Here, plaintiff's counsel submitted an affidavit stating that fourteen witnesses were served with subpoenas by certified mail to testify at the trial. Plaintiffs' motion for costs suggests that nine of these witnesses testified at trial. By our calculation, these witnesses' trial testimony alone cost plaintiffs $38,844.30.[4]

N.C. Gen. Stat. § 7A-314(a) provides that "[a] witness under subpoena . . . whether to testify before the court . . . *shall be entitled* to receive five dollars ($5.00) per day, or fraction thereof, during his attendance, which . . . must be certified to the clerk of superior court." N.C. Gen. Stat. § 7A-314(a) (2005) (emphasis added). However, section (d) allows a court to increase an expert witness' compensation: "An expert witness . . . shall receive such compensa-

---

3. It is possible that plaintiffs are thinking of Rule 68 in our Rules of Civil Procedure, which states, in relevant part, "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." N.C. Gen. Stat. § 1A-1, Rule 68(a) (2007). If so, Rule 68 is inapplicable here; the trial court's order does not mention Rule 68, the parties did not mention Rule 68 at the hearing, and the trial court did not require plaintiffs to pay "the costs incurred after the making of the offer."

4. Plaintiffs also asked for costs related to expert witnesses' trial testimony, including reports (totaling $12,625.00), trial preparation ($500.00), airfare ($902.50), and "Research information" ($676.00).

tion and allowances as the court, . . . *in its discretion, may authorize.*" N.C. Gen. Stat. § 7A-314(d) (2005) (emphasis added). *See also State v. Johnson,* 282 N.C. 1, 27-28, 191 S.E.2d 641, 659 (1972) ("As to expert witnesses, Section (d) modifies Section (a) by permitting the court, in its discretion, to increase their compensation and allowances."). Witnesses who qualify for the uniform fee under section (a) are also entitled to reimbursement for travel expenses. N.C. Gen. Stat. § 7A-314(b) (2005). The amount of travel reimbursement depends on the distance of the witness' residence from the place of appearance and the current mileage reimbursement rate for state employees. *Id.* Some witnesses are also entitled to reimbursement for their actual lodging and meal expenses. N.C. Gen. Stat. § 7A-314(b)(2) (2005).

The trial court did not address the mandatory witness fees outlined in sections (a) and (b), but plaintiffs did not ask for the fees in their motion, nor did they argue that they are entitled to those fees in their brief. There is also no evidence that plaintiffs certified the uniform fees to the clerk of superior court as required in section (a). N.C. Gen. Stat. § 7A-314(a) (2005). Accordingly, the trial court did not abuse its discretion by not awarding uniform witness fees and travel expenses under section 7A-314(a). As stated above, additional fees for expert witnesses as allowed by subsection (d) were purely within the trial court's discretion, and we find no evidence that the trial court abused that discretion in denying those fees.

For the reasons stated above, we reverse and remand the trial court's order denying plaintiffs' motion for costs as it applies to the service fees and mediation fee, totaling $822.50. We affirm the trial court's order as to all other costs.

Affirmed in part; reversed in part and remanded to the trial court for disposition in accordance with the provisions set out herein.

Judges HUNTER and STROUD concur.