An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-983

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

PATRICIA MORALES,
        Plaintiff,

    v.                                    Cabarrus County
                                          No. 12 CVD 1061
ANA R. GARCIA,
        Defendant.


Appeal by plaintiff from judgment entered 19 April 2013 by Judge D. Brent Cloninger in Cabarrus County District Court. Heard in the Court of Appeals 8 January 2014.


> *The Law Offices of Michael A. DeMayo, L.L.P., by Ahmad S. Washington, for plaintiff-appellant.*
>
> *Bolster, Rogers & McKeown, LLP, by Meredith L. Cushing, for defendant-appellee.*


GEER, Judge.


Plaintiff Patricia Morales appeals from a judgment granting in part and denying in part plaintiff's motion to recover costs and denying plaintiff's motion for attorneys' fees. Because the trial court did not have discretion to deny costs for fees enumerated in N.C. Gen. Stat. § 7A-305(d) (2013), we reverse and remand for entry of an award of service fees and interpreter

fees. However, the trial court did not abuse its discretion in awarding expert witness fees of only $300.00 for time spent actually testifying. We also affirm the denial of attorneys' fees because the trial court complied with N.C. Gen. Stat. § 6-21.1 (2011).

## Facts

On 8 July 2011, plaintiff and defendant Ana R. Garcia were involved in a motor vehicle collision in which plaintiff suffered injuries as a result of defendant's negligence. Plaintiff incurred medical expenses of $5,877.07. On 25 October 2011, prior to the filing of plaintiff's complaint, defendant offered to settle plaintiff's claims for $4,885.00. Plaintiff rejected the offer and filed suit on 30 March 2012.

On 18 June 2012, defendant filed an answer admitting negligence and served on plaintiff an offer of judgment in the amount of $4,888.00. Defendant served a second offer of judgment on 3 August 2012 for $5,100.00. A jury trial was held on 11 March 2013, and, during trial, plaintiff lowered her demand from $10,000.00 to $7,800.00. The jury returned a verdict of $5,643.42.

A hearing was held on plaintiff's motion for costs and attorneys' fees on 19 April 2013. The trial court awarded costs of $300.00 for an hour of expert witness testimony, but denied

plaintiff's motion for costs for a filing fee, trial exhibits, interpreter fees, and service fees. The trial court also denied plaintiff's motion for attorneys' fees under N.C. Gen. Stat. § 6-21.1. Plaintiff timely appealed to this Court.

I

Plaintiff first argues that the trial court erred by denying certain costs requested in plaintiff's motion for costs. Whether a trial court has properly interpreted the statutory framework applicable to costs is a question of law reviewed de novo. *See Jarrell v. Charlotte-Mecklenburg Hosp. Auth.*, 206 N.C. App. 559, 561, 698 S.E.2d 190, 191 (2010).

N.C. Gen. Stat. § 6-1 (2013) provides: "To the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter." N.C. Gen. Stat. § 7A-305, however, specifies the costs assessable in civil actions. If a cost is set forth in N.C. Gen. Stat. § 7A-305(d), "'the trial court *is required to assess the item as costs*.'" *Priest v. Safety-Kleen Sys., Inc.*, 191 N.C. App. 341, 343, 663 S.E.2d 351, 353 (2008) (quoting *Miller v. Forsyth Mem'l Hosp., Inc.*, 173 N.C. App. 385, 391, 618 S.E.2d 838, 843 (2005)).

Plaintiff argues that she is entitled to recover, at a minimum, $750.00 in additional costs. These costs include a service fee ($30.00), an interpreter fee ($265.00), and an

expert witness fee for actual time spent testifying in court ($450.00). Service fees are included in N.C. Gen. Stat. § 7A-305(d)(6), and interpreter fees are included in N.C. Gen. Stat. § 7A-305(d)(8). Plaintiff produced undisputed evidence that she had incurred the service and interpreter fees. The trial court was therefore required to assess those items as costs. Accordingly, the trial court erred by denying plaintiff's motion for costs as to the service fee and interpreter fees, amounting to $295.00.[1]

As for the expert witness fee, N.C. Gen. Stat. § 7A-305(d)(11) allows costs for "[r]easonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings." While the trial court is required to assess the expert witness costs, it has discretion to determine what amount is "reasonable and necessary." *Khomyak v. Meek*, 214 N.C. App. 54, 68, 715 S.E.2d 218, 226 (2011), *disc. review denied*, 365 N.C. 545, 720 S.E.2d 392 (2012). Plaintiff provided the court with the expert's invoice charging $600.00 for the two hours that he spent in court. The invoice indicates that the expert spent one and a

---

[1]Defendant contends that as of the time of this appeal, defendant has paid a total of $542.43 in costs, which is $242.43 above the $300.00 ordered by the trial court, and that therefore this issue is moot. Because, however, this contention is not supported by the record on appeal, we may not consider it.

half hours of his time actually testifying in court. On the other hand, at the hearing, defendant's counsel estimated that the witness testified for "just about one hour" and noted that the expert testified that he was not charging for his time, even though he was.[2]

The trial court held "I'm going to allow fees in the amount of $300 for [Dr. Patel's] one hour of testimony, it might have been an hour and 15 minutes but I'm also considering the fact that the -- some of the things he said (inaudible)." Although the trial court did not make an explicit finding as to how long the expert actually testified, it is clear that the trial court was aware of the parties' contentions as to the length of time the expert actually testified. The trial court balanced the expert's hourly rate, approximate length of testimony, and considerations of certain statements in his testimony in determining an award of costs that would be reasonable and necessary. Under these circumstances, we cannot conclude that the trial court abused its discretion in awarding $300.00 for the cost of the expert's time actually testifying in court.

---

[2]Defendant's counsel also noted that after the expert testified that he was not charging, "then Mr. Washington [plaintiff's counsel] tried to get him to say he actually was changing [sic] for his time." We do not have a transcript of the expert testimony and, therefore, cannot consider this argument.

Accordingly, we affirm the trial court's award of costs as to expert witness fees. However, we reverse and remand to costs for service and interpreter fees.

II

Next, plaintiff argues that the trial court erred in denying her motion for attorneys' fees made pursuant to N.C. Gen. Stat. § 6-21.1. Plaintiff argues that the trial court failed to consider the whole record or make findings in compliance with *Washington v. Horton*, 132 N.C. App. 347, 513 S.E.2d 331 (1999). *Washington*, however, was decided under a prior and materially different version of the statute, and is therefore, inapplicable.

It appears from our review of the hearing transcript that both parties mistakenly believed that the prior version of N.C. Gen. Stat. § 6-21.1 was applicable to this case.[3] However, our General Assembly amended N.C. Gen. Stat. § 6-21.1 in 2011. The amendment "[became] effective October 1, 2011, and applies to actions commenced on or after that date." 2011 N.C. Sess. Laws ch. 283 §§ 3.1, 4.2. This action was commenced 30 March 2012, and therefore, is subject to the amended version of the statute.

---

[3]Plaintiff's counsel, Mr. Washington, provided the judge with "the old version of 6-21.1" and then, after addressing the *Washington* factors, referenced the differences in "the new version of the attorney's fee statute" at the end of his argument. In response, defendant's counsel, Ms. Cushing, stated that the new statute "obviously is not in play yet."

The statute reads, in pertinent part, as follows:

> (a) In any personal injury or property damage suit, or suit against an insurance company under a policy issued by the defendant insurance company in which the insured or beneficiary is the plaintiff, instituted in a court of record, upon findings by the court (i) that there was an unwarranted refusal by the defendant to negotiate or pay the claim which constitutes the basis of such suit, (ii) that the amount of damages recovered is twenty thousand dollars ($20,000) or less, *and* (iii) that the amount of damages recovered exceeded the highest offer made by the defendant no later than 90 days before the commencement of trial, the presiding judge may, *in the judge's discretion*, allow a reasonable attorneys' fees to the duly licensed attorneys representing the litigant obtaining a judgment for damages in said suit, said attorneys' fees to be taxed as a part of the court costs. The attorneys' fees so awarded shall not exceed ten thousand dollars ($10,000).

N.C. Gen. Stat. § 6-21.1(a) (emphasis added).

The language of the statute is plain and unambiguous. Before awarding fees, the presiding judge must first make the following three findings: (1) that there was an unwarranted refusal by the defendant to negotiate or pay the claim which constitutes the basis of the suit, (2) that the amount of damages recovered is twenty thousand dollars ($20,000) or less, *and* (3) that the amount of damages recovered exceeded the highest offer made by the defendant no later than 90 days before the commencement of trial. It follows that if the judge cannot

make any of these three findings, the judge has no discretion to award attorneys' fees. "When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." *In re Banks*, 295 N.C. 236, 239, 244 S.E.2d 386, 388-89 (1978).

Even if the judge has made all three findings, the plaintiff is not automatically entitled to attorneys' fees. Instead, reasonable fees "may [be awarded], in the judge's discretion." N.C. Gen. Stat. § 6-21.1(a).

Finally, the amendment added a second subsection to N.C. Gen. Stat. § 6-21.1 to address the requirements once a judge has decided to award attorneys' fees:

> (b) When the presiding judge determines that an award of attorneys' fees is to be made under this statute, the judge shall issue a written order including findings of fact detailing the factual basis for the finding of an unwarranted refusal to negotiate or pay the claim, and setting forth the amount of the highest offer made 90 days or more before the commencement of trial, and the amount of damages recovered, as well as the factual basis and amount of any such attorneys' fees to be awarded.

N.C. Gen. Stat. § 6-21.1(b). Thus, if the trial judge makes all the requisite findings and additionally decides, in his discretion, to award attorneys' fees, he must then enter a

written order outlining the findings required in subsection (a), the factual basis for the subsection (a)(i) finding, and "the factual basis and amount of any such attorneys' fees to be awarded." *Id.*

The factual basis for the attorneys' fees would include the facts necessary for an appellate court "to determine whether the amount of the award of attorney fees is reasonable," including "(1) the reasonable time and labor for Plaintiff's counsel to expend, (2) skill required by this case, (3) the customary fee for similar cases and (4) the experience and ability of the Plaintiff's attorney." *Parker v. Hensley*, 175 N.C. App. 740, 742, 743, 625 S.E.2d 182, 185 (2006).

Here, the plaintiff recovered a jury verdict of $5,643.43 plus 8% per annum interest and $300.00 in costs. This recovery is less than $20,000.00, in accordance with subsection (ii) of N.C. Gen. Stat. § 6-21.1(a). The recovery also exceeded the highest offer made by defendant, $5,100.00, as required under subsection (iii). As to subsection (i), however, the trial court concluded that "I cannot find any unwanted (sic) refusal by the defendant to pay a claim." This finding is supported by competent evidence in the record that "[t]he settlement offers were offered throughout the period of even before the filing of the suit" and that the biggest difference between the offer of

judgment and the amount awarded by the jury was less than $1,000.00. Therefore, subsection (i) of N.C. Gen. Stat. § 6-21.1(a) was not met, and plaintiff was not entitled to attorneys' fees under N.C. Gen. Stat. § 6-21.1.

Further, because the trial judge did not have discretion to award attorneys' fees, he was not required to issue a written order under subsection (b). Therefore, plaintiff's argument that the trial court erred by failing to make sufficient findings of fact as to the time and labor expended by plaintiff's counsel, the skill required, the customary fee for like work, and the experience or ability of plaintiff's counsel is without merit. Such findings are only required if the trial court determines attorneys' fees should be granted. We hold that the trial court's denial of attorneys' fees complied with the requirements of N.C. Gen. Stat. § 6-21.1 and therefore affirm.

Affirmed in part; reversed and remanded in part.

Judges BRYANT and CALABRIA concur.

Report per Rule 30(e).