EDWARD SMITH AND TAMMYE SMITH, PLAINTIFFS v. GREGG E. CREGAN, M.D., AND ORTHOPAEDIC SPECIALISTS OF THE CAROLINAS, P.A., DEFENDANTS

No. COA05-1412

(Filed 18 July 2006)

**Costs— expert witness fees—negligence action**

The trial court did not abuse its discretion in a medical malpractice case by denying defendants' motion to tax expert witness fees against plaintiffs after a jury verdict was returned in favor of defendants because: (1) the General Statutes do not always require expert witness fees to be awarded to a prevailing party in a negligence action; (2) negligence cases are not listed among the types of actions in which costs must be awarded to a prevailing party under either N.C.G.S. § 6-18 or § 6-19, and thus the trial court's ruling is governed by N.C.G.S. § 6-20 where costs are in the discretion of the court; (3) with regard to expert witness fees that are related to the judgment entered in defendants' favor, although such expert witness fees were recoverable as a cost under N.C.G.S. §§ 7A-305(1) and 7A-314(d), these claims were in the discretion of the trial court under N.C.G.S. § 6-20 and defendants have not alleged an abuse of discretion; and (4) with regard to expert witness fees that are not related to the judgment entered in defendants' favor, the trial court has no discretion to award this expense as a cost when N.C.G.S. § 6-1 only permits costs to be awarded to the party for whom judgment was given.

Judge HUDSON concurs in result only.

**SMITH v. CREGAN**

[178 N.C. App. 519 (2006)]

Appeal by defendants from an order entered 1 September 2005 by Judge William Z. Wood, Jr., in Forsyth County Superior Court. Heard in the Court of Appeals 11 May 2005.

*The MacKenzie Law Firm, by James S. Gibbs, for plaintiff appellees.*

*Carruthers & Roth, P.A., by Kenneth L. Jones, for defendant appellants.*

McCULLOUGH, Judge.

Defendants appeal from a superior court order denying their motion to tax costs against plaintiffs. We affirm.

## Facts

On 18 December 2002, plaintiffs filed a medical malpractice action in which they alleged that they were injured by the negligence of defendants. Defendants filed an answer denying liability.

Plaintiffs' action was tried the week of 12 July 2004. Following this trial, the jury was unable to reach a verdict, and the court declared a mistrial.

A second trial was held the week of 18 April 2005 and resulted in a jury verdict for defendants. After the second trial, the court entered a judgment in favor of defendants.

Defendants thereafter filed a motion for costs. Specifically, defendants sought reimbursement for, *inter alia*, (1) $2,100.00 they paid as an expert witness fee to Dr. Will E. Moorehead, one of plaintiffs' designated expert witnesses, for deposition testimony taken prior to the first trial; (2) $1,500.00 they paid as an expert witness fee to Dr. Bryant A. Bloss, one of plaintiffs' designated expert witnesses, for deposition testimony taken prior to the first trial; (3) $5,000.00 they paid as an expert witness fee to their own expert, Dr. Mark Earl Brenner, for his testimony in the first trial, which resulted in a mistrial; and (4) $5,000.00 they paid as an expert witness fee to Dr. Brenner for his testimony in the second trial, which resulted in a verdict and judgment for defendants.

In an order entered 1 September 2005, the trial court denied defendants' motion for costs "in . . . exercise of the [court]'s discretion." From this order, defendants now appeal to this Court.

**SMITH v. CREGAN**

[178 N.C. App. 519 (2006)]

Legal Discussion

On appeal, defendants contend that the trial court was required to allow their motion to tax expert witness fees against plaintiffs. This argument presents two issues: (I) whether the General Statutes always require expert witness fees to be awarded to a prevailing party in a negligence action and, if not, (II) whether the trial court erred by denying the present defendants' motion for expert witness fees.

I.

We first address whether the General Statutes always require expert witness fees to be awarded to a prevailing party in a negligence action. We hold that they do not.

Defendants contend that Section 6-1 of the General Statutes requires that expert witness fees be awarded to prevailing defendants following a negligence suit. Section 6-1 states: "To the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter [6 of the General Statutes]." At issue is the interplay between section 6-1 and pertinent provisions of Chapters 6 and 7A of the General Statutes.

Within Chapter 6, sections 6-18, 6-19, and 6-20 govern whether an award of costs is appropriate. In certain cases, costs must be awarded to the prevailing party. Section 6-18 provides for a mandatory award of costs to prevailing plaintiffs:

Costs shall be allowed of course to the plaintiff, upon a recovery, in the following cases:

(1) In an action for the recovery of real property, or when a claim of title to real property arises on the pleadings, or is certified by the court to have come in question at the trial.

(2) In an action to recover the possession of personal property.

(3) In an action for assault, battery, false imprisonment, libel, slander, malicious prosecution, criminal conversation or seduction, if the plaintiff recovers less than fifty dollars ($50.00) damages, he shall recover no more costs than damages.

(4) When several actions are brought on one bond, recognizance, promissory note, bill of exchange or instrument in writing, or in any other case, for the same cause of action against several parties who might have been joined as defendants in the same action, no costs other than disbursements shall be

allowed to the plaintiff in more than one of such actions, which shall be at his election, provided the party or parties proceeded against in such other action or actions were within the State and not secreted at the commencement of the previous action or actions.

(5) In an action brought under Article 1 of Chapter 19A.

N.C. Gen. Stat. § 6-18 (2005). Section 6-19 provides for a mandatory award of costs to prevailing defendants: "Costs shall be allowed as of course to the defendant, in the actions mentioned in the preceding section [6-18] unless the plaintiff be entitled to costs therein." N.C. Gen. Stat. § 6-19 (2005). Pursuant to section 6-20, the decision to award costs in other types of cases is consigned to the discretion of the trial court: "In other actions, costs may be allowed or not, in the discretion of the court, unless otherwise provided by law." N.C. Gen. Stat. § 6-20 (2005).

Chapter 7A, section 7A-305 of the General Statutes sets forth the items which are available as costs in civil actions. Section 7A-305 lists the costs which must be assessed in all civil actions:

(a) In every civil action in the superior or district court, except for actions brought under Chapter 50B of the General Statutes, the following costs shall be assessed:

(1) For the use of the courtroom and related judicial facilities, the sum of twelve dollars ($12.00) in cases heard before a magistrate, and the sum of sixteen dollars ($16.00) in district and superior court, to be remitted to the county in which the judgment is rendered, except that in all cases in which the judgment is rendered in facilities provided by a municipality, the facilities fee shall be paid to the municipality. Funds derived from the facilities fees shall be used in the same manner, for the same purposes, and subject to the same restrictions, as facilities fees assessed in criminal actions.

(2) For support of the General Court of Justice, the sum of seventy-nine dollars ($79.00) in the superior court, except that if a case is assigned to a special superior court judge as a complex business case under G.S. 7A-45.3, an additional two hundred dollars ($200.00) shall be paid upon its assignment, and the sum of sixty-four dollars ($64.00) in the district court except that if the case is assigned to a magistrate the sum shall be fifty-three dollars ($53.00). Sums collected under this

subdivision shall be remitted to the State Treasurer. The State Treasurer shall remit the sum of one dollar and five cents ($1.05) of each fee collected under this subdivision to the North Carolina State Bar for the provision of services described in G.S. 7A-474.4, and ninety-five cents ($.95) of each fee collected under this subdivision to the North Carolina State Bar for the provision of services described in G.S. 7A-474.19.

N.C. Gen. Stat. § 7A-305(a)(1)-(2) (2005). Section 7A-305(d) lists those items which are "assessable or recoverable" in accordance with sections 6-18, 6-19, or 6-20:

(d) The following expenses, when incurred, are also assessable or recoverable, as the case may be:

(1) Witness fees, as provided by law.

(2) Jail fees, as provided by law.

(3) Counsel fees, as provided by law.

(4) Expense of service of process by certified mail and by publication.

(5) Costs on appeal to the superior court, or to the appellate division, as the case may be, of the original transcript of testimony, if any, insofar as essential to the appeal.

(6) Fees for personal service and civil process and other sheriff's fees, as provided by law. Fees for personal service by a private process server may be recoverable in an amount equal to the actual cost of such service or fifty dollars ($50.00), whichever is less, unless the court finds that due to difficulty of service a greater amount is appropriate.

(7) Fees of guardians ad litem, referees, receivers, commissioners, surveyors, arbitrators, appraisers, and other similar court appointees, as provided by law. The fee of such appointees shall include reasonable reimbursement for stenographic assistance, when necessary.

(8) Fees of interpreters, when authorized and approved by the court.

(9) Premiums for surety bonds for prosecution, as authorized by G.S. 1-109.

N.C. Gen. Stat. § 7A-305(d)(1)-(9) (2005).

Thus, expert witness fees are permitted under section 7A-305(d)(1) "as provided by law." Expert witness fees are specifically provided for by section 7A-314 of the General Statutes, which provides, in pertinent part:

> (a) A witness under subpoena, bound over, or recognized, other than a salaried State, county, or municipal law-enforcement officer, or an out-of-state witness in a criminal case, whether to testify before the court, Judicial Standards Commission, jury of view, magistrate, clerk, referee, commissioner, appraiser, or arbitrator shall be entitled to receive five dollars ($5.00) per day, or fraction thereof, during his attendance, which, except as to witnesses before the Judicial Standards Commission, must be certified to the clerk of superior court.

> . . . .

> (d) An expert witness, other than a salaried State, county, or municipal law-enforcement officer, shall receive such compensation and allowances as the court, or the Judicial Standards Commission, in its discretion, may authorize. A law-enforcement officer who appears as an expert witness shall receive reimbursement for travel expenses only, as provided in subsection (b) of this section.

N.C. Gen. Stat. § 7A-314 (2005). Subsection (a) "makes a witness fee for any witness, except those specifically exempted therein, dependent upon his having been subpoenaed to testify . . . , and it fixes his fee at $5.00 per day. As to expert witnesses, [subsection] (d) modifies [subsection] (a) by permitting the court, in its discretion, to increase their compensation and allowances." *State v. Johnson*, 282 N.C. 1, 27-28, 191 S.E.2d 641, 659 (1972). An expert witness must be subpoenaed to testify for his fees to be taxed as costs against an unsuccessful party. *Id.*

The present case involves a negligence action. Negligence cases are not listed among the types of actions in which costs must be awarded to a prevailing party pursuant to either section 6-18 or section 6-19. Therefore, the trial court's costs ruling was governed by section 6-20, and costs could "be allowed or not, in the discretion of the court." N.C. Gen. Stat. § 6-20.

Defendants contend that section 6-1 converts section 6-20, which explicitly conveys discretionary authority, into a compulsory provision because section 6-1 states, "To the party for whom judgment is

given, costs shall be allowed . . . ." This argument entirely ignores the qualifying language that immediately follows: "**as provided in Chapter 7A and this Chapter [6].**" N.C. Gen. Stat. § 6-1 (emphasis added). Read closely and in context, section 6-1 provides that, in a case governed by section 6-20, costs shall be allowed in the discretion of the court.

The provisions of section 7A-305 do not affect the interplay between sections 6-1 and 6-20. By its terms, section 7A-305(a) requires that certain court costs be assessed in almost every civil action. A trial court has no discretion in this regard. The costs referred to in section 6-20 are the items enumerated in section 7A-305(d). *Cosentino v. Weeks*, 160 N.C. App. 511, 515, 586 S.E.2d 787, 789 (2003). The plain language of section 7A-305(d) makes the items it sets forth "assessable or recoverable." Accordingly, nothing in section 7A-305 requires a trial court to exercise its discretion under section 6-20 to award the items listed in section 7A-305(d).

To hold otherwise would be to ignore basic principles of statutory construction. " 'Statutes dealing with the same subject matter must be construed *in para materia*, and harmonized, if possible, to give effect to each.' When the language of a statute is clear and unambiguous, the court must give it its plain and definite meaning." *Lutz v. Board of Education*, 282 N.C. 208, 219, 192 S.E.2d 463, 471 (1972) (citation omitted). If adopted, defendants' strained reading of sections 6-1 and 7A-305 would have the effect of eliminating section 6-20. We decline to adopt this interpretation.

## II.

We next address whether the trial court erred by denying the present defendants' motion for expert witness fees. We discern no error.

The present defendants' motion for expert witness fees sought reimbursement for two different categories of expenses: (A) expert witness fees that are related to the judgment entered in defendants' favor, and (B) expert witness fees that are not related to the judgment entered in defendants' favor.

## A.

We first consider expert witness fees that are related to the judgment entered in defendants' favor, which include: the $2,100.00 defendants paid as an expert witness fee to plaintiffs' expert, Dr. Moorehead, to take his pretrial deposition; the $1,500.00 defendants

paid as an expert witness fee to plaintiffs' expert, Dr. Bloss, to take his pretrial deposition; and the $5,000.00 defendants paid as an expert witness fee to Dr. Brenner for his testimony in the second trial, which resulted in verdict and judgment for defendants. The record tends to show that each of these experts was subpoenaed to testify, such that the expert witness fee paid to him was recoverable as a cost pursuant to sections 7A-305(1) and 7A-314(d). As plaintiffs' claims were for negligence, these expert witness fees could be awarded to the prevailing defendants in the discretion of the trial court under section 6-20. The appropriate standard of review is whether the trial court abused its discretion. *Cosentino*, 160 N.C. App. at 516, 586 S.E.2d at 789-90 (" 'The trial court's discretion to tax costs pursuant to N.C. Gen. Stat. § 6-20 is not reviewable on appeal absent an abuse of discretion.' ") (citation omitted). Defendants have not alleged, and we discern no abuse of discretion in the denial of defendants' request to be reimbursed for these expert witness fees.

## B.

We next consider the expert witness fees that are not related to the judgment entered in defendants' favor, namely the $5,000 defendants paid as an expert witness fee to their own expert, Dr. Mark Earl Brenner, for his testimony in the first trial, which resulted in a mistrial. The trial court had no discretion to award this expense as a cost.

Our Supreme Court has held that " '[c]osts in this State[] are entirely creatures of legislation, and without this they do not exist.' " *City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972) (citation omitted). Regrettably, panels of this Court have differed in their willingness to apply the Supreme Court's directive. *Compare Department of Transp. v. Charlotte Area Mfd. Housing, Inc.*, 160 N.C. App. 461, 586 S.E.2d 780 (2003) (applying the paramount precedent established by the Supreme Court and declining to recognize the non-statutory expenses which had been subsequently created by this Court), *with Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 735-36, 596 S.E.2d 891, 895 (2004) (declining to follow the paramount precedent established by the Supreme Court as to certain non-statutory expenses which had been subsequently created by this Court). However, there is no disagreement that a trial court may not award non-statutory expenses that have not heretofore been authorized by this Court. *See Charlotte Area*, 160 N.C. App. at 469-70, 586 S.E.2d at 785; *Lord*, 164 N.C. App. at 734, 596 S.E.2d at 895.

**SMITH v. CREGAN**

[178 N.C. App. 519 (2006)]

Significantly, section 6-1 only permits costs to be awarded "[t]o the party for whom judgment is given." In the instant case, the first trial resulted in a mistrial, after which neither party received judgment. Therefore, the trial court had no authority, and therefore no discretion, to award defendants reimbursement for the $5,000.00 they paid as an expert witness fee to Dr. Brenner for his testimony in the first trial. Accordingly, the trial court could not abuse its discretion by declining to award this expense to defendants as a "cost."

For the foregoing reasons, the challenged order is

Affirmed.

Judge TYSON concurs.

Judge HUDSON concurs in result only.