ANDREW S. KHOMYAK, BY AND THROUGH HIS GUARDIAN AD LITEM, CAROLYN J. KHOMYAK, AND CAROLYN J. KHOMYAK, INDIVIDUALLY, PLAINTIFFS v. JAMES M. MEEK, M.D.; NOVANT MEDICAL GROUP, INC. D/B/A CARMEL OBSTETRICS AND GYNECOLOGY, DEFENDANTS

No. COA10-1597

(Filed 2 August 2011)

**Costs—medical negligence—mandatory costs—N.C.G.S. § 7A-305(d)**

The trial court erred in a medical negligence case by granting defendants' motion for costs in the amount of $1000. Because the Court of Appeals was bound by its decisions in *Springs v. City of*

*Charlotte and Priest v. Safety-Kleen Sys., Inc.*, the trial court must award those costs which are mandatory under N.C.G.S. § 7A-305(d). The matter was remanded to the trial court for reconsideration of defendants' motion for costs consistent with the mandates in *Springs*.

Appeal by defendants from order entered 27 September 2010 by Judge Timothy L. Patti in Mecklenburg County Superior Court. Heard in the Court of Appeals 24 May 2011.

*Price, Smith, Hargett, Petho & Anderson, by Wm. Benjamin Smith, for plaintiff appellees.*

*Shumaker, Loop & Kendrick, LLP, by Scott M. Stevenson, Stacy H. Stevenson, and Christian H. Staples, for defendant appellants.*

McCULLOUGH, Judge.

James M. Meek, M.D., and Novant Medical Group, Inc., d/b/a Carmel Obstetrics and Gynecology (collectively, "defendants"), appeal from an order granting their motion for costs in the amount of $1,000.00. Defendants contend the trial court abused its discretion in not awarding defendants the full amount of their costs following a jury verdict in their favor at trial. After a careful and thorough review, we must reverse and remand for reconsideration.

## I. Background

On 8 August 2006, at approximately 10:00 p.m., plaintiff Carolyn Khomyak ("plaintiff") was admitted to Carolinas Medical Center in Pineville, North Carolina, with the onset of labor for the birth of her son, plaintiff Andrew Khomyak ("Andrew"). Plaintiff's labor and delivery was managed by her obstetrician, defendant James M. Meek, M.D. ("Dr. Meek"). During the course of delivery, Andrew experienced shoulder dystocia, an obstetrical emergency that occurs when the infant's shoulder becomes stuck behind the mother's pelvic bone, thereby preventing a spontaneous vaginal delivery. As a result, Andrew suffered nerve damage in his upper body and right arm.

Plaintiff, both individually and as guardian ad litem for Andrew, filed a complaint against Dr. Meek and his medical practice, Novant Medical Group, Inc., d/b/a Carmel Obstetrics and Gynecology on 23 May 2008. Plaintiff alleged that defendants' actions and/or omissions during delivery in light of Andrew's shoulder dystocia fell below the applicable standard of care, causing injury and damages to both

plaintiff and Andrew as a result. Defendants filed an answer denying the negligence allegations on 1 August 2008. The case was tried before a jury for approximately two weeks, beginning on 28 June 2010 and concluding on 8 July 2010. At the close of trial, the jury returned a verdict in favor of defendants finding no negligence, and judgment was entered accordingly on 20 July 2010.

On 21 July 2010, following entry of judgment in their favor, defendants filed a motion for costs pursuant to N.C. Gen. Stat. §§ 6-20 and 7A-305(d) (2009), seeking to recover costs in the total amount of $15,598.96. In support of their motion for costs, defendants submitted a bill of costs, as well as copies of the billing statements reflecting those costs. The bill of costs included mediation fees in the amount of $82.00, expert witness fees in the total amount of $8,000, and deposition expenses in the total amount of $7,516.96. The trial court heard arguments on defendants' motion for costs on 9 August 2010. Following the hearing, the trial court, "in its discretion and pursuant to N.C.G.S. § 6-20 and N.C.G.S. § 7A-305," granted defendants' motion for costs in the amount of $1,000.00. The trial court entered its order reflecting its ruling on 27 September 2010. Defendants appeal, seeking to recover an award of costs in the full amount of $15,598.96.

## II. Standard of Review

The sole issue on appeal concerns the taxing of costs pursuant to N.C. Gen. Stat. §§ 6-20 and 7A-305(d). We first note this Court's earlier observation that "[p]rior decisions by this [C]ourt have been inconsistent as to the proper standard of review for appeals concerning taxing costs." *Vaden v. Dombrowski*, 187 N.C. App. 433, 437, 653 S.E.2d 543, 545 (2007). Many panels of this Court have reviewed a trial court's decision to grant or deny costs to the prevailing party under an abuse of discretion standard as a result of the language of N.C. Gen. Stat. § 6-20, which leaves the taxing of costs in the discretion of the trial court. *See Priest v. Safety-Kleen Sys., Inc.*, 191 N.C. App. 341, 343, 663 S.E.2d 351, 352 (2008); *Vaden*, 187 N.C. App. at 437, 653 S.E.2d at 545; *Overton v. Purvis*, 162 N.C. App. 241, 249, 591 S.E.2d 18, 24 (2004). Other panels have reviewed a trial court's order taxing costs under a *de novo* standard of review, finding that a trial court's interpretation of the statutory framework applicable to the taxation of costs is a question of law. *See Morgan v. Steiner*, 173 N.C. App. 577, 579, 619 S.E.2d 516, 518 (2005); *Cosentino v. Weeks*, 160 N.C. App. 511, 513, 586 S.E.2d 787, 788 (2003).

KHOMYAK v. MEEK

[214 N.C. App. 54 (2011)]

However, most recently, in *Peters v. Pennington*, ___ N.C. App.___, 707 S.E.2d 724 (2011), we believe the panel properly clarified the standard of review applicable to the taxing of costs by applying a combination of the two standards: "Whether a trial court has properly interpreted the statutory framework applicable to costs is a question of law reviewed *de novo* on appeal. The reasonableness and necessity of costs is reviewed for abuse of discretion." *Id.* at ___, 707 S.E.2d at 741 (citing *Jarrell v. Charlotte-Mecklenburg Hosp. Auth.*, ___ N.C. App.___, ___, 698 S.E.2d 190, 191 (2010)). Accordingly, we review *de novo* any questions regarding the trial court's interpretation of the statutory framework applicable in each case. Where the applicable statutes afford the trial court discretion in awarding costs, we review the trial court's determinations for an abuse of discretion.

Here, the trial court correctly determined that §§ 6-20 and 7A-305(d) are the applicable statutes governing the taxing of costs in the present case. As discussed herein, because we believe the proper statutory interpretation of section 6-20 affords the trial court the discretion to award those costs specifically enumerated under section 7A-305(d) or elsewhere in our statutes, the trial court's award of costs in the present case, we believe, should be reviewed for an abuse of discretion. However, because of certain recent holdings that will be discussed herein, the trial court is afforded no discretion in determining whether or not to award those costs enumerated under section 7A-305(d), and therefore, the trial court must impose the costs requested by defendant in the present case.

## III. Taxing of Costs

Defendants first contend that in granting or denying a motion for costs pursuant to N.C. Gen. Stat. § 6-20, a trial court is required to assess as costs those items specifically enumerated under N.C. Gen. Stat. § 7A-305(d). Defendants argue that, in determining an award of costs, a trial court only has discretionary authority to award costs where an allowance of costs is not otherwise mandated by the General Statutes. Defendants maintain that those costs listed under section 7A-305(d) are such mandatory costs, and therefore, the trial court has no discretion to deny those costs when all statutory requirements for an award of those costs are met. Defendants cite this Court's recent decision in *Springs v. City of Charlotte*, ___ N.C. App. ___, 704 S.E.2d 319 (2011), in support of their contention that such statutory interpretation is the proper one.

Defendants are correct that this Court's holding in *Springs* is controlling in the present case. *See In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) ("Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court."). Nevertheless, our review of this issue has revealed troublingly divergent and irreconcilable interpretations of the statutes at issue in the present case. While we acknowledge that we are bound by the *Springs* decision, our review of the case law and statutory language at issue would lead us to a different result than that required by the holding in *Springs*, were we not bound by that decision. Therefore, we first examine this Court's prior holdings leading to the situation with which we are now confronted in this case.

## A. Prior law

Prior to 2007, N.C. Gen. Stat. § 6-20 was construed to confer two separate kinds of discretion: (1) "the discretion to determine whether costs should be awarded in a particular civil action," and (2) "the discretion to award non-statutory common law costs," or those costs not specifically delineated in section 7A-305(d). *Cosentino v. Weeks*, 160 N.C. App. 511, 517, 586 S.E.2d 787, 790 (2003). Over the years, our case law took varied approaches in addressing issues concerning the second kind of discretion—the discretion to determine whether a particular type of expense may be taxed as a cost. *See Department of Transp. v. Charlotte Area Mfd. Housing, Inc.*, 160 N.C. App. 461, 466-69, 586 S.E.2d 780, 783-85 (2003) (describing the varied approaches taken by this Court in addressing what expenses may be taxed as costs); *see generally* James Edwin Griffin, III, *Murky Water: What Really is Taxed as Court Costs in North Carolina?*, 32 Campbell L. Rev. 127 (2009) (explaining the split of authority from this Court on the issue of what may be taxed as costs—statutorily enumerated costs versus "common law" costs). Some opinions provided the trial court discretion to assess not only those "statutory" costs enumerated under section 7A-305(d), but also "common law" costs, or costs which were traditionally allowed at common law. *See Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 734, 596 S.E.2d 891, 894-95 (2004); *Morgan v. Steiner*, 173 N.C. App. 577, 581, 619 S.E.2d 516, 519 (2005). Other opinions provided that the trial court could only assess those costs enumerated by statute. *See Charlotte Area*, 160 N.C. App. at 470, 586 S.E.2d at 785 (citing *City of Charlotte v. McNeely*, 281 N.C. 684, 691, 190 S.E.2d 179, 185 (1972));

*Smith v. Cregan*, 178 N.C. App. 519, 526, 632 S.E.2d 206, 211 (2006). The General Assembly resolved the dispute by amending sections 6-20 and 7A-305(d) in 2007 to allow only those costs specifically authorized by statute, thereby eliminating any perceived discretion to tax "common law" costs. *See Pennington*, ___ N.C. App. at ___, 707 S.E.2d at 741 ("When [sections 6-20 and 7A-305(d) are] read together, it is clear that costs require statutory authorization and that section 7A-305 or any other statute may authorize costs.").

Also prior to amendment by the Legislature in 2007, the issue presented in the present case concerning the first kind of discretion, the discretion to determine whether costs enumerated under section 7A-305(d) must be awarded in a particular civil action under section 6-20, was definitively resolved in this Court's 2006 opinion in *Smith v. Cregan*, 178 N.C. App. 519, 632 S.E.2d 206 (2006), which elaborated extensively on the statutory construction of sections 6-20 and 7A-305. *Smith*, like the present case, involved a medical negligence action in which the jury returned a verdict in favor of the defendants. *Id.* at 520, 632 S.E.2d at 207. Thereafter, the defendants filed a motion for costs to recover expert witness fees, which was denied by the trial court " 'in . . . exercise of the [court]'s discretion.' " *Id.* (alterations in original).

On appeal, *Smith* explicitly addressed "whether the General Statutes always require [a statutorily enumerated cost under section 7A-305(d)] to be awarded to a prevailing party in a negligence action." *Id.* at 521, 632 S.E.2d at 208. The opinion in *Smith* begins by explaining that section 6-1 requires the awarding of costs to the prevailing party " 'as provided in Chapter 7A and this Chapter [6 of the General Statutes].' " *Id.* (alteration in original) (quoting N.C. Gen. Stat. § 6-1). The pertinent provisions under Chapter 6 are sections 6-18, 6-19, and 6-20. *Id.* While sections 6-18 and 6-19 provide for a mandatory award of costs to the prevailing party in certain types of actions as described in those sections, section 6-20 provides that "the decision to award costs in other types of cases is consigned to the discretion of the trial court." *Id.* at 522, 632 S.E.2d at 208. Thus, *Smith* reasons, "[s]ection 7A-305(d) lists those items which are 'assessable or recoverable' in accordance with sections 6-18, 6-19, and 6-20," concluding, "The plain language of section 7A-305(d) makes the items it sets forth 'assessable or recoverable.' Accordingly, nothing in section 7A-305 requires a trial court to exercise its discretion under section 6-20 to award the items listed in section 7A-305(d)." *Id.* at 523, 525, 632 S.E.2d at 209, 210. After dissecting the language of the relevant statutory sections, *Smith* holds that those costs enumerated in section 7A-305(d) are discretionary in a negligence action:

The present case involves a negligence action. Negligence cases are not listed among the types of actions in which costs must be awarded to a prevailing party pursuant to either section 6-18 or section 6-19. Therefore, the trial court's costs ruling was governed by section 6-20, and costs could "be allowed or not, in the discretion of the court."

*Id.* at 524, 632 S.E.2d at 210 (quoting N.C. Gen. Stat. § 6-20). Although the defendants in *Smith*, like the defendants in the present case, argued that section 6-1 converts section 6-20 into a "compulsory provision" with respect to those costs enumerated under section 7A-305(d), this Court's decision explicitly holds that, for actions governed under section 6-20, such as negligence actions like the present case, the trial court has the discretion to determine whether or not to award costs to the prevailing party, and if the trial court chooses to exercise that discretion, then the trial court is confined to those costs expressly enumerated under section 7A-305(d) or any other statute. *Smith*, 178 N.C. App. at 524-25, 632 S.E.2d at 210; *see also Charlotte Area*, 160 N.C. App. at 469, 586 S.E.2d at 785 ("Section 6-20 is located in Chapter 6, the first section of which reads '[t]o the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and this Chapter.' N.C.G.S. § 6-1. Thus, the term 'costs' in N.C.G.S. 6-20 refers to 'costs' as delineated in N.C.G.S. § 7A-305(d). . . . Furthermore, the language of N.C.G.S. § 6-20 states that '[i]n other actions, costs may be allowed or not, in the discretion of the court. . . .' By referring to 'other actions,' section 6-20 apparently grants a trial judge discretion to determine whether or not costs should be taxed to a party in an action not specified in sections 6-18 and 6-19. Thus, *the discretion granted is the discretion to allow costs*, not the discretion to judicially create costs." (emphasis added)); *Cosentino*, 160 N.C. App. at 518-19, 586 S.E.2d at 791 ("[T]he language of N.C.G.S. § 6-20 *does not compel a trial court to award any costs*. N.C.G.S. § 6-20 says 'costs may be allowed or not, in the discretion of the court[.]' Notably, this statute contains the words 'may' and 'discretion.' 'Nothing else appearing, the legislature is presumed to have used the words of a statute to convey their natural and ordinary meaning.' *Wood v. Stevens* & Co., 297 N.C. 636, 643, 256 S.E.2d 692, 697 (1979). 'Ordinarily when the word "may" is used in a statute, it will be construed as permissive and not mandatory.' *In re Hardy*, 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978)." (emphasis added)). We note that our opinion in *Smith* has never been overturned by our Supreme Court, and because that decision addresses the precise circumstances of the present case, *Smith* should be controlling here.

However, this Court's 2008 decision in *Priest v. Safety-Kleen Sys., Inc.*, 191 N.C. App. 341, 663 S.E.2d 351 (2008), disagrees with *Smith's* holding that the trial court may deny costs listed in section 7A-305(d) in its discretion. Like *Smith*, *Priest* involved a negligence action arising out of a motor vehicle accident. *Id.* at 342, 663 S.E.2d at 352. Following a jury verdict in favor of the plaintiffs, the plaintiffs filed a motion for costs, which was denied by the trial court in "the exercise of its discretion." *Id.* On appeal, this Court reversed the trial court's order denying costs, holding that "costs enumerated in N.C. Gen. Stat. § 7A-305(d) *must* be awarded to the prevailing party." *Id.* at 346, 663 S.E.2d at 354. In so holding, *Priest* distinguishes and declines to follow this Court's prior opinion in *Smith*: "Although *Smith's* statutory analysis leading to this conclusion [that costs enumerated in section 7A-305(d) are discretionary, not mandatory] is sound, the greater weight of authority from this Court is that costs enumerated in N.C. Gen. Stat. § 7A-305(d) *must* be awarded to the prevailing party." *Priest*, 191 N.C. App. at 346, 663 S.E.2d at 354. However, the "greater weight of authority" cited by *Priest* to support its holding included this Court's opinions in *Miller v. Forsyth Mem'l Hosp., Inc.*, 173 N.C. App. 385, 618 S.E.2d 838 (2005), and *Morgan v. Steiner*, 173 N.C. App. 577, 619 S.E.2d 516 (2005), applying the three-step analysis enumerated in this Court's prior opinion in *Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 596 S.E.2d 891 (2004).

First, we note this Court's 2004 decision in *Lord* addressed the taxation of costs under Rule 41(d) of the North Carolina Rules of Civil Procedure, which provides: "A plaintiff who [voluntarily] dismisses an action or claim under section (a) of this rule *shall* be taxed with the costs of the action unless the action was brought in forma pauperis." N.C. Gen. Stat. § 1A-1, Rule 41(d) (2009) (emphasis added). In *Lord*, the plaintiffs, recent home purchasers, took a voluntary dismissal of their action alleging negligent construction and breach of implied warranty of workmanlike construction against the home builder. *Id.* at 731-32, 596 S.E.2d at 893. Three lumber companies, brought into the action by the home builder as third-party defendants, then moved for costs to be assessed against the plaintiffs pursuant to Rule 41(d), and the trial court denied the motion, in its discretion. *Id.* at 732, 596 S.E.2d at 893. On appeal, this Court noted that pursuant to the provisions of Rule 41(d), "the awarding of costs is mandatory." *Id.* After restating that point, *Lord* considers "what costs, if any, [the] third party defendants were entitled to recover," addressing the statutory versus "common law" costs conundrum. *Id.* at 734, 596 S.E.2d at

894. Then, *Lord* establishes a three-step analysis to be used in "ana-lyzing whether costs are properly assessed under Rule 41(d)," *id.*:

> First, if the costs are items provided as costs under N.C. Gen. Stat. § 7A-305, then the trial court is required to assess these items as costs. Second, for items not costs under N.C. Gen. Stat. § 7A-305, it must be determined if they are "common law costs" under the rationale of *Charlotte Area*. Third, as to "common law costs" we must determine if the trial court abused its discretion in awarding or denying these costs under N.C. Gen. Stat. § 6-20.

*Id.* at 734, 596 S.E.2d at 895.[1] In accordance with our prior opinion in *Cosentino*, *Lord* holds that, because a trial court is required to assess costs against the plaintiff pursuant to Rule 41(d), then those costs enumerated under the provisions of § 7A-305 are mandatory, and not discretionary, with the trial court. *Id.* at 734, 596 S.E.2d at 894; *Cosentino*, 160 N.C. App. at 518, 586 S.E.2d at 790 ("[W]here Rule 41(d) applies, the first kind of N.C.G.S. § 6-20 discretion, *the discretion to award costs*, is inapplicable because Rule 41(d) mandates that costs 'shall be awarded.' " (emphasis added)). Notably, our decision in *Lord* was decided in the context of Rule 41(d) of the North Carolina Rules of Civil Procedure, which, as stated in *Cosentino*, divests the trial court of discretion under section 6-20 to determine whether or not to award costs. *Id.* at 732, 596 S.E.2d at 893; *Cosentino*, 160 N.C. App. at 518, 586 S.E.2d at 790. Moreover, the three-step analysis established in *Lord* addressed the issue of what costs—statutory or "common law" costs—can be taxed by the trial court in the exercise of its discretion, rather than the issue of whether the trial court has the discretion in the first instance to determine whether to award any of those costs.

Similarly, our 2005 decision in *Morgan* addressed the taxation of costs under Rule 68 of the North Carolina Rules of Civil Procedure. *Morgan*, 173 N.C. App. at 579, 619 S.E.2d at 518. As is the case with Rule 41(d) in *Lord*, the provisions of Rule 68 require a plaintiff to pay the costs incurred by the defendant after an offer of judgment made at least ten days before trial is rejected by the plaintiff if the judgment finally obtained by the plaintiff is less favorable than the offer of judg-ment. N.C. Gen. Stat. § 1A-1, Rule 68 (2009); *Morgan*, 173 N.C. App. at 579-80, 619 S.E.2d at 518. In *Morgan*, which involved a medical negli-gence action, the defendants had extended an offer of judgment to

---

1. We note that despite the implication in *Lord's* three-step analysis, *Charlotte Area* concluded that "common law costs" may not be awarded. *Charlotte Area*, 160 N.C. App. at 470, 586 S.E.2d at 785.

the plaintiff fourteen days before trial pursuant to the provisions of Rule 68; the plaintiff rejected the defendants' offer of judgment, and the jury returned a verdict in favor of the defendants following trial. *Id.* at 579, 619 S.E.2d at 518. The defendants subsequently filed a motion for costs, which was granted in part and denied in part by the trial court. *Id.* On appeal, this Court employed the three-step analysis described in *Lord* to determine whether the items awarded as costs by the trial court were proper. *Morgan,* 173 N.C. App. at 581, 619 S.E.2d at 519. Accordingly, *Morgan,* read in its entirety, holds that, because a trial court is required to assess costs against the plaintiff pursuant to the provisions of Rule 68, then those costs enumerated under the provisions of § 7A-305 are mandatory, and not discretionary, with the trial court, in accordance with our holding in *Lord.* *Id.* at 579-81, 619 S.E.2d at 518-19. Thus, in attempting to distinguish *Smith* by the "greater weight of authority," *Priest* relied on two distinguishable cases—*Lord* and *Morgan*—in which specific rules of civil procedure, rather than section 6-20, determined both the issue and the outcome.

Second, we note this Court's 2005 decision in *Miller* is inconsistent with earlier decisions concerning the issue at hand. *Miller* involved a medical negligence action in which the jury returned a verdict for the defendants, who thereafter filed a motion for costs, which was denied in part by the trial court as to deposition costs, mediation costs, expert witness fees, and exhibit costs. *Id.* at 386-87, 618 S.E.2d at 840. The defendants cross-appealed "from the trial court's denial of their motion to tax costs following a favorable jury verdict." *Id.* at 391, 618 S.E.2d at 843. Citing *Lord,* this Court held, "In analyzing whether the trial court properly denied defendants' motion for cost[s] we must undertake a three-step analysis." *Id.* As enunciated in *Lord,* *Miller* reiterates that the first step in that analysis requires the trial court to assess an item as costs if the item is one enumerated in section 7A-305(d). *Id.* Accordingly, *Miller* found the trial court erred in failing to assess mediation costs in favor of the defendants, since mediation fees are an enumerated item under section 7A-305(d). *Id.* at 392, 618 S.E.2d at 843. However, in reaching that holding, *Miller* incorrectly applied *Lord's* analysis, as *Lord's* holding was decided under the context of Rule 41(d) imposing mandatory costs, rather than under the discretionary provisions of section 6-20 applicable to negligence actions resulting in a jury verdict. Nonetheless, to the extent *Miller* incorrectly applied the law, our subsequent 2006 opinion in *Smith* explicitly clarified the law on the taxing of costs under

section 6-20 in a negligence action. Consequently, given its reliance on *Lord, Morgan,* and *Miller, Priest* was inconsistent with this Court's prior authority.

However, relying on our previous opinion in *Priest,* this Court issued our decision in *Springs* in January of this year. *Springs* involved a negligence action arising out of a motor vehicle accident. *Id.* at ___, 704 S.E.2d at 321. Following a jury verdict in favor of the plaintiff, the plaintiff filed a motion to tax costs against the defendants, which the trial court granted. *Id.* at ___, 704 S.E.2d at 322. In evaluating the trial court's award of costs, this Court held that those costs enumerated in section 7A-305(d) are mandatory costs that *must* be awarded by the trial court to the prevailing party: "If a cost is set forth in N.C. Gen. Stat. § 7A-305(d), ' "the trial court *is required to assess the item as costs."* ' " *Id.* at ___, 704 S.E.2d at 328 (quoting *Priest,* 191 N.C. App. at 343, 663 S.E.2d at 353 (quoting *Miller,* 173 N.C. App. at 391, 618 S.E.2d at 843)). In addition, after elaborating on the "established principles of statutory construction," *Springs* further holds that the trial court has discretion to award other costs that are specifically authorized by statutes other than section 7A-305(d), such as "travel expenses for experts as provided under N.C. Gen. Stat. § 7A-314(b)" and "expert fees for an expert witness' time in attendance at trial even when not testifying" under N.C. Gen. Stat. § 7A-314(d). *Id.* In March of this year, this Court's opinion in *Peters v. Pennington,* ___ N.C. App. ___, 707 S.E.2d 724 (2011), relies on *Springs* and *Priest,* and again holds, "If a category of costs is set forth in section 7A-305(d), ' "the trial court *is required to assess the item as costs."* ' " *Id.* at ──, 707 S.E.2d at 741 (quoting *Springs,* ___ N.C. App. at ___, 704 S.E.2d at 328 (quoting *Priest,* 191 N.C. App. at 343, 663 S.E.2d at 353)). Although *Springs* follows this Court's precedent in *Priest,* we find such an interpretation of sections 6-20 and 7A-305(d) effectively divests the trial court of a significant amount of the discretion given to the trial court by the plain language of those statutes.

As our holdings in *Charlotte Area, Cosentino,* and especially *Smith* explain, a close reading of the statutory language reveals the interplay between the relevant statutes. Pursuant to N.C. Gen. Stat. § 6-1 (2009), "To the party for whom judgment is given, costs shall be allowed as provided in Chapter 7A and *this* Chapter [6]." *Id.* (emphasis added). Within Chapter 6, sections 6-18, 6-19, and 6-20 govern whether an award of costs is appropriate. Sections 6-18 and 6-19 enumerate certain types of cases for which an award of costs is mandatory to prevailing plaintiffs or prevailing defendants, respectively. In

addition, section 6-20 allows costs to the prevailing party "in the discretion of the court . . . subject to the limitations on assessable or recoverable costs set forth in G.S. 7A-305(d)." N.C. Gen. Stat. § 6-20.

N.C. Gen. Stat. § 7A-305(d) provides a "complete and exclusive" list of expenses which "are assessable or recoverable" under section 6-20. N.C. Gen. Stat. § 7A-305(d). As explained previously, these two sections were amended by the Legislature in 2007 in order to address the disagreement in this Court's opinions as to whether section 6-20 provided the trial court with the discretion to award those costs not specifically authorized by any statute.[2] After the General Assembly amended the statutory language in 2007, section 6-20 now reads:

> In actions where allowance of costs is not otherwise provided by the General Statutes, costs may be allowed in the discretion of the court. Costs awarded by the court are subject to the limitations on assessable or recoverable costs set forth in G.S. 7A-305(d), unless specifically provided for otherwise in the General Statutes.

N.C. Gen. Stat. § 6-20 (2009). Noticeably absent is any obligatory language *requiring* the trial court to assess those costs listed under section 7A-305(d). Rather, the plain language simply limits a trial court's discretion to award only those costs specifically provided for under section 7A-305(d) or elsewhere in the General Statutes. Similarly, under section 7A-305(d), the Legislature provides only that the list of costs enumerated in that section is "complete and exclusive" and "constitute[s] a limit on the trial court's discretion to tax costs pursuant to G.S. 6-20." N.C. Gen. Stat. § 7A-305(d). Given our conflicting case law interpreting section 6-20 as providing the two kinds of discretion discussed in *Cosentino*, the Legislature's evident purpose in amending the statute was only to eliminate the divergent path in our case law which allowed assessment of "common law" costs in addition to statutorily enumerated costs. *See Pennington*, ___ N.C. App. at ___, 707 S.E.2d at 741 (stating that "the General Assembly's 2007 amendment to N.C. Gen. Stat. § 6-20 resolved the dispute [as to what may be taxed as costs]"). Before the 2007 amendment, our decisions in cases addressing section 6-20, with the exception of *Miller*, are consistent in holding, either directly or impliedly, that section 6-20

---

2. Even *Priest* recognizes that following the 2007 amendment, the three-step analysis established in *Lord* "will likely be defunct," *Priest*, 191 N.C. App. at 343 n.1, 663 S.E.2d at 352 n.1, as that analysis was established in the context of whether a trial court may award "common law costs" in addition to statutory costs. *Lord*, 164 N.C. App. at 734, 596 S.E.2d at 894-95.

vests the trial court with discretion to determine *whether* to grant any costs to a prevailing party in an action not governed by sections 6-18 or 6-19, or a rule of civil procedure which provides for a mandatory awarding of costs. *See Charlotte Area*, 160 N.C. App. at 469, 586 S.E.2d at 784-85 (holding that "the language of N.C.G.S. § 6-20 states that '[i]n other actions, costs may be allowed or not, in the discretion of the court. . . .' By referring to 'other actions,' section 6-20 apparently grants a trial judge *discretion to determine whether or not costs should be taxed* to a party in an action not specified in sections 6-18 and 6-19" (emphasis added)); *Cosentino*, 160 N.C. App. at 518-19, 586 S.E.2d at 791 ("[T]he language of N.C.G.S. § 6-20 *does not compel* a trial court to award any costs." (emphasis added)); *Overton v. Purvis*, 162 N.C. App. 241, 249-50, 591 S.E.2d 18, 24-25 (2004) (holding that "G.S. § 6-20 allows the trial court to assess 'costs' in its discretion," and that " '[w]hile the decision to tax costs is not reviewable absent an abuse of discretion, the discretion to award costs is strictly limited by our statutes' "); *Handex of the Carolinas, Inc. v. County of Haywood*, 168 N.C. App. 1, 13, 607 S.E.2d 25, 32 (2005) (stating, "In short, the trial court does not have discretion to award costs under N.C. Gen. Stat. § 6-20 which are not otherwise enumerated in the exhaustive list set out in N.C. Gen. Stat. § 7A-305(d)[,]" thereby impliedly holding the trial court has discretion to award or not those costs under section 7A-305(d), citing *Charlotte Area*); *Oakes v. Wooten*, 173 N.C. App. 506, 518-19, 620 S.E.2d 39, 48 (2005) (applying the holdings of *Charlotte Area* and *Handex* and impliedly holding that the trial court has discretion to award costs, but, in the exercise of that discretion, may only award those costs expressly enumerated in section 7A-305(d)); *Smith*, 178 N.C. App. at 524-25, 632 S.E.2d at 210 (holding, "Negligence cases are not listed among the types of actions in which costs must be awarded to a prevailing party pursuant to either section 6-18 or section 6-19. Therefore, the trial court's costs ruling was governed by section 6-20, and costs could 'be allowed or not, in the discretion of the court[,]' " and noting "nothing in section 7A-305 requires a trial court to exercise its discretion under section 6-20 to award the items listed in section 7A-305(d).").

It is clear from the wording of the statutes that the Legislature intended section 6-20 to have continued viability. However, if we are to construe the statutes as mandated by our holdings in *Priest* and *Springs*, the viability of section 6-20 will be severely diminished, as the trial court will be required to assess the items enumerated as costs under section 7A-305(d) whenever a prevailing party files a

motion for costs, thereby effectively eliminating much of the discretion provided by section 6-20. Such a reading is not consistent with our rules of statutory construction. *See Cosentino,* 160 N.C. App. at 518-19, 586 S.E.2d at 791 (" 'Nothing else appearing, the legislature is presumed to have used the words of a statute to convey their natural and ordinary meaning.' *Wood v. Stevens & Co.,* 297 N.C. 636, 643, 256 S.E.2d 692, 697 (1979). 'Ordinarily when the word "may" is used in a statute, it will be construed as permissive and not mandatory.' *In re Hardy,* 294 N.C. 90, 97, 240 S.E.2d 367, 372 (1978)."); *Smith,* 178 N.C. App. at 525, 632 S.E.2d at 210 (" 'Statutes dealing with the same subject matter must be construed *in para materia,* and harmonized, if possible, to give effect to each.' When the language of a statute is clear and unambiguous, the court must give it its plain and definite meaning." (quoting *Lutz v. Board of Education,* 282 N.C. 208, 219, 192 S.E.2d 463, 471 (1972) (citation omitted))). Accordingly, were we writing on a clean slate, unbound by our recent holdings in *Priest* and *Springs,* we would affirm the decision of the trial court in exercising its discretion whether to award costs to the prevailing party in the present case based on our statutory analysis and the consistent holdings in our case law prior to the *Priest* decision. However, because we are bound by the recent precedent established in *Priest* and *Springs* on this issue, we apply those holdings to the circumstances of the present case.

### B. Application to the present case

Defendants argue the trial court erred in not awarding the full amount of their costs related to deposition expenses and expert witness fees. Specifically, defendants argue the trial court was required under N.C. Gen. Stat. § 7A-305(d)(10) to award their reasonable and necessary expenses for stenographic and videographic assistance in the taking of depositions and the costs of transcripts in the total amount of $7,516.96. Defendants also argue the trial court was required under N.C. Gen. Stat. § 7A-305(d)(11) to award their reasonable and necessary expert witness fees for the actual time spent by three experts testifying at trial in the total amount of $8,000.

As discussed at length above, according to our recent decisions, "If a cost is set forth in N.C. Gen. Stat. § 7A-305(d), ' "the trial court *is required to assess the item as costs." ' " Springs,* ___ N.C. App. at ___, 704 S.E.2d at 328 (quoting *Priest,* 191 N.C. App. at 343, 663 S.E.2d at 353 (quoting *Miller,* 173 N.C. App. at 391, 618 S.E.2d at 843)). Accordingly, N.C. Gen. Stat. § 7A-305(d)(10) requires the trial court to assess "[r]easonable and necessary expenses for stenographic and

videographic assistance directly related to the taking of depositions and for the cost of deposition transcripts." *Id.* Also, under N.C. Gen. Stat. § 7A-305(d)(11), the trial court is required to assess "[r]easonable and necessary fees of expert witnesses solely for actual time spent providing testimony at trial, deposition, or other proceedings." *Id.* The trial court is to consider, in its discretion, whether the costs requested under N.C. Gen. Stat. § 7A-305(d)(10) and (11) are "reasonable and necessary." *Pennington*, ___ N.C. App. at ___, 707 S.E.2d at 741.

Furthermore, as defendants contend with respect to their requested expert witness fees, pursuant to our holding in *Springs*, the trial court also may consider in its discretion whether to award "expert fees for an expert witness' time in attendance at trial even when not testifying" and "travel expenses for experts" according to the provisions of N.C. Gen. Stat. § 7A-314 (2009). *Springs*, ___ N.C. App. at ___, 704 S.E.2d at 328. From the record, we are unable to determine whether the trial court properly considered the mandatory costs as required by *Springs*. We must, therefore, reverse the trial court's award of costs in the amount of $1,000 and remand for reconsideration "in light of the controlling statutes" as interpreted by this Court in *Springs*.

## IV. Conclusion

Because we are bound by this Court's recent decisions in *Springs* and *Priest*, we hold the trial court must award those costs which are mandatory under N.C. Gen. Stat. § 7A-305(d). Therefore, we must remand to the trial court for reconsideration of defendants' motion for costs consistent with the mandates of our opinion in *Springs*.

We reiterate that were we not bound by the decisions in *Priest* and *Springs*, we would affirm the trial court's decision in awarding costs in its discretion under N.C. Gen. Stat. § 6-20 pursuant to this Court's decisions prior to *Priest*. Unfortunately, this panel cannot correct the troublingly divergent path that recent decisions of this Court have followed on this issue. We emphasize the reality that only our Supreme Court can correct this problem, described by this Court as "a lack of uniformity" in *Vaden*, 187 N.C. App. at 438, 653 S.E.2d at 546, and a "confusing topic" in *Priest*, 191 N.C. App. at 346, 663 S.E.2d at 354.

Reversed and remanded.

Judge ERVIN concurs.

Judge McGEE concurs in the result only.