Wortman v. Hutaff, 2014 NCBC 72.

STATE OF NORTH CAROLINA

COUNTY OF UNION

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
10 CVS 4082

JUSTIN TODD WORTMAN,
Individually and in his Representative
Capacity as Successor Trustee of the
Dan L. Moser Trust, Dated November
20, 2000, as Subsequently Amended,
JUDIE MOSER SHEPARD;
CHELSEY SHEA FELTS; and
DARBY VON WORTMAN,

        Plaintiffs,

        v.

RICHARD R. HUTAFF; THOMAS M.
MOYER, III; L. CARLTON TYSON;
ESTATE OF CARL A. BOGGS, JR.;
CARL A. BOGGS, III; C. MARK
TYSON; MILEY W. GLOVER,
Individually and in his Representative
Capacity as Administrator C.T.A. of
the ESTATE OF DAN L. MOSER;
KLJ PROPERTIES, LLC;
TOURNAMENT DRIVE INVESTORS,
LLC; and POTTER & COMPANY,
P.A.,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON DEFENDANTS THOMAS M.
MOYER, III AND RICHARD R. HUTAFF'S
JOINT MOTION FOR COSTS**

{1}    THIS MATTER is before the Court on Defendants Thomas M. Moyer, III and Richard R. Hutaff's Joint Motion for Costs (the "Motion"). For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

    *Poyner & Spruill LLP by T. Richard Kane and Karen H. Chapman for Defendant Richard R. Hutaff.*

    *Roundtree Losee LLP by Geoffrey A. Losee and Andrew R. Jones for Defendant Thomas M. Moyer, III.*

Gale, Chief Judge.

# I.   INTRODUCTION

{2}   Defendants filed their Motion on July 30, 2014, asking the Court to grant costs related to expenses incurred during the pendency of the litigation. Because the Court's authority to grant costs is limited to those costs specifically enumerated by statute, the Court GRANTS the costs related to mediator and deposition stenographer fees, and DENIES those costs related to travel expenses or Business Court filing fees.

# II.   PROCEDURAL HISTORY

{3}   This matter was filed on December 2, 2010, with the Union County Superior Court, designated a complex business case on January 6, 2011, and assigned to the Honorable Calvin E. Murphy on January 7, 2011.

{4}   After several years of litigation, Plaintiffs filed their Notice of Voluntary Dismissal Without Prejudice as to Defendants Richard R. Hutaff and Thomas M. Moyer, III on July 16, 2014.

{5}   The Court closed this case on July 21, 2014.

{6}   On July 30, 2014, Defendants filed their Motion.  The Court received no response from Plaintiffs.

{7}   This matter was reassigned to the undersigned by Order of the Chief Special Superior Court Judge for Complex Business Cases on August 13, 2014.

# III.   RELEVANT FACTS

{8}   Defendants request that costs totaling $9,147.36 be taxed against Plaintiffs.

{9}   These costs consist generally of the following: the Business Court filing fee; mediation expenses including mediator fees, travel, food, and lodging; deposition-related expenses such as court reporter fees, travel, food, and lodging; and costs related to counsel's travel to court hearings and depositions. (Defs.' Joint Mot. for Costs Exs. A & B.)

## IV.    DEFENDANTS' ARGUMENT

{10}    Defendants assert in their Memorandum of Legal Authorities in Support of Defendants Thomas M. Moyer, III and Richard R. Hutaff's Joint Motion for Costs ("Defendants' Memo") that, under North Carolina Rule of Civil Procedure ("Rule(s)") 41(d), the Court is required to tax the costs of an action against a plaintiff who voluntarily dismisses an action or claim under Rule 41(a).  (Defs.' Mem. 2.)

{11}    Defendants claim that the Court's authority to tax costs extends to both those costs enumerated in section 7A-305(d) of the North Carolina General Statutes and "common law costs."  (Defs.' Mem. 2–3 (citing *Sealey v. Grine*, 115 N.C. App. 343, 347–48, 444 S.E.2d 632, 635 (1994).).  Defendants assert that these common law costs include deposition-related travel expenses.  (Defs.' Mem. 3.)  Therefore, they claim, the Court should award travel-related costs irrespective of their absence from the list provided in section 7A-305(d).

## V.    LEGAL STANDARDS

{12}    Rule 41(d) states that "[a] plaintiff who dismisses an action or claim [voluntarily] shall be taxed with the costs of the action."  N.C. R. Civ. P. 41(d).  Further, section 6-20 of the North Carolina General Statutes provides that,

> [i]n actions where allowance of costs is not otherwise provided by the General Statutes, costs may be allowed in the discretion of the court. Costs awarded by the court are subject to the limitations on assessable or recoverable costs set forth in G.S. 7A-305(d), unless specifically provided for otherwise in the General Statutes.

*Id.*  Although a trial court is typically given some discretion taxing costs, the court of appeals has held that, in the instance when an action is dismissed under Rule 41(a), the costs described in section 7A-305(d) are mandatory, and must be taxed. *Lord v. Customized Consulting Specialty, Inc.*, 164 N.C. App. 730, 734, 596 S.E.2d 891, 894 (2004).  Therefore, a trial court is required to assess costs against a plaintiff, and is subject to the limitations in section 7A-305(d).  That section contains a list of the costs eligible to be taxed against a party, and provides an express limitation on a court's discretion to tax costs.  *See* N.C. Gen. Stat. § 7A-

305(d) (2014) ("The expenses set forth in this subsection are complete and exclusive and constitute a limit on the trial court's discretion to tax costs pursuant to [N.C. Gen. Stat. §] 6-20.").

{13}     The aforementioned cost-taxing statutes were both amended in 2007. Act to Clarify the Court's Discretion to Allow Court Costs, §§ 2–3, 2007 N.C. Sess. Laws 212. Prior to their amendment, the two statutes were more liberal and allowed a trial court the discretion to award costs.  Section 6-20 read, "In other actions, costs may be allowed or not, in the discretion of the court, unless otherwise provided by law." N.C. Gen. Stat. § 6-20 (2006).  More significantly, section 7A-305(d) lacked a statement that its list was "complete and exclusive," N.C. Gen. Stat. § 7A-305(d) (2014), stating only that "[t]he following expenses, when incurred, are also assessable or recoverable, as the case may be[.]"  N.C. Gen. Stat. § 7A-305(d) (2006).

{14}     In *Khomyak v. Meek*, 214 N.C. App. 54, 715 S.E.2d 218 (2011), the court of appeals discussed how much discretion is afforded to a trial court under the amended statutes. The *Khomyak* court provided a comprehensive discussion of a trial court's discretion to tax fees under sections 7A-305(d) and 6-20. *Id.* at 58–68; 715 S.E.2d at 220–26.  The Court does not repeat that discussion here, but notes that the court of appeals held that "[t]he General assembly resolved the dispute [between conflicting opinions regarding common-law costs] by amending sections 6-20 and 7A-305(d) in 2007 to allow only those costs specifically authorized by statute, thereby eliminating any perceived discretion to tax 'common law' costs." *Id.* at 59, 715 S.E.2d at 221.[1]  Therefore, the Court only has the authority to tax those costs expressly listed in section 7A-305(d).

{15}     Travel expenses related to depositions are not specifically itemized in section 7A-305(d).  Although section 7A-305(d)(1) does allow "[w]itness fees, as

---

[1] After the 2007 amendment but prior to the opinion in *Khomyak*, which resolved conflicting interpretations by the court of appeals of sections 7A-305(d) and 6-20, the North Carolina Business Court taxed deposition-related travel fees, which are not listed in section 7A-305(d). *See Phillips & Jordan, Inc. v. Bostic*, Order, No: 08CVS 7 [Graham] (N.C. Super. Ct. Dec. 3, 2010); N.C. Gen. Stat. § 7A-305(d).  However, the Court believes that *Khomyak* now controls.

provided by law," N.C. Gen. Stat. § 7A-305(d)(1), North Carolina courts have held that "witness fees" are limited to those fees incurred when a witness is under subpoena. *See Priest v. Safety-Kleen Sys.*, 191 N.C. App. 341, 347, 663 S.E.2d 351, 355 (2008). Thus, travel-related fees pertaining to depositions are not taxable as costs.

{16}    Similarly, section 7A-305(d)(7) allows for the taxing of the fees of mediators, but does not specifically allow for travel-related costs pertaining to the mediation. Therefore, those travel-related costs are not taxable against a plaintiff.

{17}    Finally, in its current incarnation, section 7A-305(d)(12) allows for the taxing of the fee payable upon a case's designation to the Business Court.[2] However, that provision was added by the Business Court Modernization Act (the "Act"), which applies to actions commenced or filed after October 1, 2014. §§ 4, 9, 2014 N.C. Sess. Laws 102, 102. If a case was commenced or filed before that date, those costs may not be taxed against a plaintiff because there was no express provision providing for the taxation of Business Court designation costs as the statute existed prior to the Act.

## VI.    APPLICATION

{18}    Guided by the foregoing analysis, because certain costs requested by Defendants are expressly described in section 7A-305, the Court finds that they are properly taxed against the Plaintiffs: (1) Mediator fees, and (2) Stenographic expenses related to the taking of depositions. *See* N.C. Gen. Stat. §§ 7A-305(7), (10).

{19}    The Court finds no authority to grant the Defendants' request for travel-related expenses pertaining to mediation or depositions, which includes airfare, hotel, meals, and mileage.

{20}    The Court also finds no authority under section 7A-305 for the taxation of Business Court filing fees.

---

[2] Although it is unclear, the Court assumes that Defendants' reference to "Business Court Filing Fee" relates to the fee payable upon designation of a matter to the Business Court. (Kelser's Aff. Costs., Ex. 1.)

## VII.    CONCLUSION

{21}    Therefore, the Court hereby GRANTS Defendants Thomas M. Moyer, III and Richard R. Hutaff's Joint Motion for Costs only as it pertains to mediator fees and stenographic expenses related to the taking of depositions, amounting to $5,740.50 of costs taxed against Plaintiffs.  The Court DENIES the Motion as it pertains to travel expenses related to mediation or depositions, whether for counsel or otherwise.  The Court also DENIES the motion as it pertains to the Business Court filing fee.

IT IS SO ORDERED, this the 31st day of December, 2014.